United States District Court
Southern District of Texas
**ENTERED**
March 16, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN P. COOKE, et al., | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-20-1342 |
| MURALITHARAN KENGATHARAN, | § § § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This case involves an investment deal between friends that went wrong. In April 2020, John Cooke, Hannah Ariel, and Moshe Ariel sued Muralitharan Kengatharan for failing to repay them for loans made under the expectation of receiving shares of Espero BioPharma stock. (Docket Entry No. 1 at 7). The plaintiffs asserted claims for money had and received, unjust enrichment and restitution, constructive trust, and contract recission. (Docket Entry No. 1 at 10–11).

The plaintiffs alleged that Kengatharan invited them to invest in a newly formed company, Espero BioPharma, Inc., which Kengatharan told them would be taken public in 2019. (Docket Entry No. 1 at 7–8). The plaintiffs alleged that Kengatharan told them that there was a stock purchase agreement between his private equity firm and Espero BioPharma, entitling him to at least 85,000 shares of stock of Espero BioPharma when it went public. (Docket Entry No. 1 at 7–8). In September 2018, based on these assurances, the Ariels purchased the rights to 60,000 shares in Espero BioPharma from Kengatharan for a total of $180,000, and Cooke purchased the rights to 25,000 shares in Espero for a total of $75,000. The plaintiffs asserted that they made these purchases with the understanding that there was a stock purchase agreement. (Docket Entry No.

1 at 8). No IPO occurred, and, in November and December of 2019, the Ariels and Cooke each wrote to Kengatharan asking for the money to be returned. (Docket Entry No. 1 at 9). Kengatharan failed to pay, and the plaintiffs sued in April 2020. After several months of mediation and settlement discussions, the parties settled in February 2021 and filed a stipulation of dismissal. (Docket Entry No. 35).

Kengatharan now asks the court to seal the file in this case. (Docket Entry No. 36). The plaintiffs do not oppose. Kengatharan argues that this case is a private matter among friends that has been resolved, and that all parties desire privacy. The court considers the requests to seal, in whole or in part, under the applicable legal standards.

Courts presume that the public should have access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981). "Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (alteration in original) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3rd Cir.1988)). The presumption in favor of access applies even when information is uninteresting to the public. *See Macias v. Aaron Rents, Inc.*, 288 F. App'x 913, 915 (5th Cir. 2008).

But there are limits. The court has "supervisory power over its own records and files" and may also seal documents "where court files might [] become a vehicle for improper purposes" or information that could be used for "scandalous or libelous purposes." *Nixon*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995) (quotation omitted). "[I]n extreme cases the entirety of a trial record can be sealed." *Jessup*, 277 F.3d at 928. The court must use

care in "weighing the interests advanced by the parties in light of the public interest." *Nixon*, 435 U.S. at 602; *see also Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987).

The parties believe the case is of no public importance, but that is not the test. The public is entitled to access to judicial records. The parties have not demonstrated that keeping the case unsealed would cause the type of harm that warrants sealing in whole or in part. A personal privacy interest does not outweigh the public interest in transparency.

The motion to seal, (Docket Entry No. 36), is denied.

SIGNED on March 16, 2021, at Houston, Texas.

      Lee H. Rosenthal
      Chief United States District Judge